

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MORRIS CANNON, | ) | |
| | ) | |
| Movant, | ) | 06 C 5072 |
| | ) | |
| v. | ) | |
| | ) | Hon. Charles R. Norgle |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the court is Morris Cannon's Motion to Vacate, Set Aside, or Correct his Sentence brought pursuant to 28 U.S.C. § 2255. For the following reasons, the Motion is denied in part, but the court sets an evidentiary hearing on the issue of whether the Movant instructed his attorney to file an appeal in the underlying criminal case.

## I. BACKGROUND

### A. Facts

On June 7, 2004, a confidential source ("CS") working with the United States Drug Enforcement Administration contacted Movant Morris Cannon ("Cannon"). The CS inquired as to whether Cannon would agree to sell the CS four and a half ounces of crack cocaine for $3,200. Cannon agreed, and arranged to meet the CS at 300 N. Central Park Avenue, Chicago, Illinois on the following day. At approximately 2:00 p.m. on June 8, 2004, Cannon met the CS near the agreed upon address. Cannon then showed the CS a plastic bag containing 122.5 grams of crack cocaine. Additionally, in May 2004, Cannon sold 62 grams of crack cocaine to a CS in exchange for $1,600.

**B. Procedural History**

On September 2, 2004, the government charged Cannon by information with knowingly and intentionally possessing with the intent to distribute a controlled substance, namely 122.5 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Cannon pled guilty to that offense pursuant to a written Plea Agreement. Pursuant to the Plea Agreement, Cannon also admitted as relevant conduct the May 2004 distribution of 62 grams of crack cocaine. The court determined that Cannon's Offense Level was 31, and that his Criminal History Category was II. The court then sentenced Cannon to the statutory mandatory minimum sentence of 120 months imprisonment. Cannon did not appeal.

Cannon filed the instant § 2255 Motion on September 19, 2006. The Motion is fully briefed and before the court.

## II. DISCUSSION

**A. Standard of Decision**

Section 2255 allows a person convicted of a federal crime to vacate, set aside, or correct his sentence. This relief is available only in limited circumstances, such as where an error is jurisdictional, of Constitutional magnitude, or there has been a "complete miscarriage of justice." See Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004). This statute states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255 ¶ 1. If the court determines that any of these grounds exists, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255 ¶ 2. In making that

2

determination, the court must review the evidence and draw all reasonable inferences from it in a light most favorable to the government. See United States v. Galati, 230 F.3d 254, 258 (7th Cir. 2000); Carnine v. United States, 974 F.2d 924, 928 (7th Cir. 1992).

**B. Cannon's Claims for Relief under § 2255**

Cannon asserts that his attorney was constitutionally ineffective for: (1) failing to pursue an evidentiary hearing in order to examine whether the substance at issue in this case was actually crack cocaine; (2) failing to challenge Cannon's Criminal History Category; and (3) failing to file an appeal after Cannon had expressly instructed him to do so. The court first notes that an ineffective assistance of counsel claim may be brought in a § 2255 motion, regardless of whether the claim was raised on appeal. Massaro v. United States, 538 U.S. 500, 504 (2003).

In order to establish that his counsel was ineffective, Cannon must "show that [his] counsel's performance was deficient, and that the deficiency prejudiced [his] defense." See Wiggins v. Smith, 539 U.S. 510, 521 (2003) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). An attorney's performance is deficient if it falls "below an objective standard of reasonableness." Wiggins, 539 U.S. at 521 (quoting Strickland, 466 U.S. at 688). Prejudice is established by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Benefiel v. Davis, 357 F.3d 655, 662 (7th Cir. 2004) (quoting Strickland, 466 U.S. at 694).

When a court reviews an ineffective assistance of counsel claim, the court's review is "highly deferential" to the attorney, "with the underlying assumption that 'counsel's conduct falls within the wide range of reasonable professional assistance.'" United States v. Holman, 314 F.3d 837, 840 (7th Cir. 2002) (quoting Strickland, 466 U.S. at 689). There is therefore a strong presumption that Cannon's attorney performed reasonably. See Strickland, 466 U.S. at 690; see also Cooper v. United States, 378 F.3d 638, 641 (7th Cir. 2004). To succeed in his claim,

3

Cannon must show "errors so serious that counsel was not functioning as 'counsel' guaranteed [to him] by the Sixth Amendment . . . ." See Holman, 314 F.3d at 839 (quoting Strickland, 466 U.S. at 687).

### 1. Failure to Pursue an Evidentiary Hearing

Cannon first asserts that his attorney was ineffective for failing to seek an evidentiary hearing to examine whether the substance at issue in this case was actually crack cocaine. In his Affidavit, filed pursuant to the court's order, Cannon asserts that he "did not plead guilty to crack cocaine but to cocaine base." Cannon Aff., ¶ 26. This representation directly contradicts admissions Cannon made in his signed Plea Agreement and during his plea colloquy. Cannon's Plea Agreement reads in part:

> [o]n or about June 8, 2004, at Chicago, in the Northern District of Illinois, Eastern Division, defendant did knowingly and intentionally possess with the intent to distribute a controlled substance, namely, approximately 122.5 grams of mixtures containing cocaine base, commonly known as *"crack cocaine,"* a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).
>
> More specifically, on or about June 7, 2004, defendant was contacted by an individual who, unbeknownst to defendant, was working as a confidential source (CS) with the United States Drug Enforcement Administration (DEA) for the purpose of arranging to purchase *crack cocaine* from defendant. Defendant agreed to sell the CS four and a half ounces of *crack cocaine* for $3,200. Defendant and the CS agreed to meet on June 8, 2004, in the area of 300 N. Central Park Avenue, Chicago, Illinois, in order to complete the *crack cocaine* transaction.
>
> At approximately 1:53 p.m. on June 8, 2004, defendant parked his car behind the CS's car in the area of 300 N. Central Park Avenue, Chicago, Illinois. Defendant got out of his car and retrieved a pair of gym shoes. Hidden inside the gym shoes was a Crown Royal bag, and hidden inside the Crown Royal bag was a plastic bag containing 122.5 grams of *crack cocaine*. Defendant got back into his car, carrying the gym shoes containing the *crack cocaine*. The CS then got out of the car and into the defendant's car. Defendant then opened the Crown Royal bag and showed the CS the bag of *crack cocaine*.
>
> Additionally, on or about May 27, 2004, at Chicago, in the Northern District of Illinois, Eastern Division, defendant did knowingly and intentionally distribute a controlled substance, namely, approximately 62 grams of mixtures containing cocaine base, commonly known as *"crack cocaine,"* a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

4

>More specifically, on or about May 25, 2004, defendant was contacted by the CS for the purpose of arranging to purchase *crack cocaine* from defendant. Defendant agreed to sell the CS two and a quarter ounces of *crack cocaine* for $1,600. Defendant and the CS agreed to meet on May 26, 2004, in the area of 300 N. Central Park Avenue, Chicago, Illinois, in order to complete the *crack cocaine* transaction. Subsequently, the date of the meeting was changed to May 27, 2004.
>
>At approximately 2:53 p.m. on or about May 27, 2004, the CS got out of his car and entered defendant's car, which was parked on the west side of Central Park Avenue, near the area of 300 N. Central Park Avenue, Chicago, Illinois. Defendant then gave the CS a plastic bag containing approximately 62.0 grams of *crack cocaine*, in exchange for $1,600 in United States currency paid by the CS to defendant.

Plea Agreement, at 2-4 (emphasis added).

At the plea colloquy, the government recited this chain of events. Plea Colloquy, at 7-9. The court then asked Cannon the following questions: "Mr. Cannon, did you hear what the government's evidence would show if this case proceeded to trial?"; "Are these the facts upon which you are pleading guilty?"; and "To put it another way, is that what happened and is that what you did?" Id. at 9. Cannon answered "yes" to each of these questions. Id. at 9-10.

The Seventh Circuit has clearly explained that "[r]epresentations made by a defendant at a Rule 11 plea colloquy are presumed true." United States v. Weathington, 507 F.3d 1068, 1072 (7th Cir. 2007). Unless a defendant or § 2255 movant provides "compelling reason[s] for the disparity" between the statements made at a plea colloquy and his or her present assertions, courts may not provide relief. Nunez v. United States, 495 F.3d 544, 546 (7th Cir. 2007).

>Entry of a plea is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard. A defendant has no legal entitlement to benefit by contradicting himself under oath. Thus when the judge credits the defendant's statements in open court, the game is over.

United States v. Stewart, 198 F.3d 984, 987 (7th Cir. 1999). The court therefore determines that there is no factual basis upon which to find that Cannon's attorney was constitutionally ineffective for failing to pursue an evidentiary hearing on the issue of whether the substance Cannon possessed and distributed was crack cocaine.

5

Moreover, Cannon asserts that he indicated to his attorney that the substances he distributed and possessed with the intent to distribute did not contain sodium bicarbonate. Cannon Aff., ¶¶ 23-24. Because the substances at issue contained no sodium bicarbonate, Cannon argues, those substances could not have been crack cocaine, and his attorney must have been constitutionally ineffective for failing to pursue an evidentiary hearing on this matter. However, the Seventh Circuit has explained on more than one occasion that "crack is the street name for a form of cocaine base, *usually* prepared by processing cocaine hydrochloride and sodium bicarbonate . . . we did not mandate that a substance must contain those ingredients to be crack." United States v. Lake, 500 F.3d 629, 634 (7th Cir. 2007) (internal citation and quotation marks removed); see also United States v. Linton, 235 F.3d 328, 330 (7th Cir. 2000) ("The testimony of witnesses familiar with crack, combined with direct evidence that the substance had the appearance of and was packaged like crack, is sufficient to satisfy the government's burden of proof and permit a district court to conclude that the defendant possessed crack."); United States v. Abdul, 122 F.3d 477, 479 (7th Cir. 1997) (if crack were specifically defined as containing sodium bicarbonate, "crack dealers could avoid the penalties for distribution of crack by merely finding some substitute for baking soda in production . . . ."). Cannon's attorney was therefore not constitutionally ineffective for failing to file what would have been a frivolous motion for an evidentiary hearing on this issue.

### 2. *Criminal History Category*

Cannon also asserts that his attorney was ineffective for failing to challenge Cannon's criminal history. Cannon admits that he was convicted of driving under the influence ("DUI") and possession of cannabis in 2001. Mem., at 8; Plea Agreement, ¶ 6(d)(i-ii). The Circuit Court of Cook County, Illinois sentenced Cannon to twelve months court supervision for the DUI, and six months court supervision for possession of cannabis. Plea Agreement, ¶ 6(d)(i-ii). Pursuant to the Federal Sentencing Guidelines, Cannon received one criminal history point for each

6

offense. Cannon's Criminal History Category was therefore II. Any objection to this straightforward application of the Federal Sentencing Guidelines by Cannon's attorney would clearly have been frivolous, and Cannon's attorney was therefore not constitutionally ineffective for failing to raise such an objection.

### 3. *Failure to Appeal*

Finally, Cannon asserts that he instructed his attorney to file an appeal, and that his attorney failed to do so. Cannon has submitted an affidavit to support this assertion. Cannon Aff., ¶¶ 1-15 His attorney, Luis M. Galvan, has submitted an affidavit that indicates Cannon never asked him to appeal. Galvan Aff., ¶ 5. "[W]hen a district court is presented with two contradictory affidavits, the court must hold an evidentiary hearing to determine which affiant is credible." Schotz v. United States, Nos. 07-2198 and 07-2199, slip op. at 2 (7th Cir. Nov. 26, 2007); Kafo v. United States, 467 F.3d 1063, 1067 (7th Cir. 2006) ("[W]e have held that a district court *must* grant an evidentiary hearing when the petitioner alleges facts that, if proven, would entitle him to relief.") (internal quotation marks omitted). There is no question that an attorney who fails to file an appeal after being specifically instructed to do so by his or her client has been ineffective. The court therefore orders that an evidentiary hearing be held on this issue.

## III. CONCLUSION

The court finds that an evidentiary hearing is not necessary to resolve Cannon's first two claims. Evidentiary hearings are not required if the § 2255 "motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255 ¶ 2; see also Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001); Daniels v. United States, 54 F.3d 290, 293 (7th Cir 1995). However, the court orders that an evidentiary hearing be held on the question of whether Cannon instructed his attorney to file an appeal. This hearing will take place

on June 6, 2008, at 1:30 p.m. The court appoints counsel for Cannon pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

Dated: May 2, 2008